**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| RBH ENERGY, LLC, | § | Case No.: ____________ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FXR, LLC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff RBH Energy, LLC ("RBH"), by counsel, alleges as follows for its Original Complaint for Copyright Infringement against Defendant FXR, LLC ("FXR"), and requests relief from this Court based on the following:

**THE PARTIES**

1. Plaintiff RBH is a Texas limited liability company with its principal place of business located at 112 N. Bailey Ave. #B, Fort Worth, TX 76107.

2. FXR is a Texas limited liability company with its principal place of business located at 10930 Switzer Ave., Suite 123, Dallas, TX 75238. It can be served through its registered agent, Roger Risk, who is also located at 10930 Switzer Ave., Suite 123, Dallas, TX 75238.

**JURISDICTION AND VENUE**

3. This is a suit for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

4. This Court has jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(d), and 1400(a).

**BACKGROUND**

6. RBH realleges paragraphs 1 through 5 as if fully set forth herein.

7. RBH is the owner of U.S. Copyright No. VAu 722-458 ("Copyright") titled Brian Harness Photography Collection 2007 Vol. IV. A true and correct copy of the copyright is attached hereto as Exhibit A.

8. The named artist of the Copyright is Brian Harness ("Harness"). *See id*.

9. On October 23, 2015, Harness assigned the Copyright to RBH. A true and correct copy of the assignment is attached hereto as Exhibit B.

10. Harness, a professional photographer, is the sole member of RBH.

11. On July 23, 2007, Harness entered into a license ("Johnson License") with Michael Johnson Performance Center ("Johnson Center") in McKinney, Texas to take architectural photographs of the Johnson Center. A true and correct copy of the Johnson License is attached hereto as Exhibit C.

12. The Johnson License called for Harness to deliver seven photographs to the Johnson Center, and granted the Johnson Center the following license: "License: Unlimited time use in michaeljohnsonperformance.com website, Michael Johnson Performance Center brochures, and regional print ads." *See* Exhibit C at 1.

13. The Johnson License set forth that it was not transferrable: "The only rights granted to the Photographs are those specifically set forth above under the 'License.'" *See id*. at 2. As such, no person other than the Johnson Center had any rights, either express or implied, to

use the photographs subject to the Johnson License without the express permission of Harness, or now, RBH.

14. All photos subject to the Johnson License were registered as a collection of photographs submitted as part of U.S. Copyright No. VAu 722-458.

15. The photos that were provided to the Johnson Center were registered with U.S. Copyright on July 30, 2007. *See* Exhibit A.

16. One of the photos of the Johnson Center that was subject to the Johnson License, and included as part of the Copyright, is the following interior photo of the Johnson Center:




17. Defendant FXR, without permission from Harness or RBH, misappropriated this photograph and included the copyrighted photograph on its website: www.fxrconstruction.com/project1.html. A true and correct copy of a screenshot (captured on April 8, 2013) of this web page is attached hereto as Exhibit D.




18. The photograph, noted above, remained on FXR's website until sometime after April 13, 2013.

19. Because FXR had no permission to use the protected photograph, FXR is liable for direct copyright infringement.

**COUNT 1 – COPYRIGHT INFRINGEMENT**

20. RBH realleges paragraphs 1 through 19 as if set fully herein.

21. RBH alleges FXR is liable for direct copyright infringement pursuant to 17 U.S.C. 501(a).

22. RBH has been damaged by FXR's actions.

**DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38 and the 7th amendment of the U.S. Constitution, a trial by jury is hereby demanded.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff RBH Energy, LLC demands that:

a. Defendant FXR, LLC be enjoined from reproducing, administering, displaying, or publishing RBH's copyrighted works;
b. Defendant FXR, LLC be ordered to pay statutory damages pursuant to 17 U.S.C. § 504;
c. Defendant FXR, LLC pay RBH's reasonable attorney's fees and costs of this action, pursuant to 17 U.S.C. § 505;
d. Defendant FXR, LLC pay pre-judgment and post-judgment interest on any damages awarded; and
e. The Court award Plaintiff all other relief it deems justified.

Further, Plaintiff RBH Energy, LLC also reserves all of its rights to elect alternative remedies, including election of actual damages, as permitted by law.

Dated: February 10, 2016

Respectfully submitted,

________________________

Glenn E. Janik, Lead Attorney
State Bar No. 24036837
Rajkumar Vinnakota
State Bar No. 24042337
**JANIK BOHMER PLLC**
Gateway Tower
8111 LBJ Freeway, Suite 375
Dallas, TX 75251
Tel.: 214.390.9999
Fax: 214.586.0680
glenn@janikbohmer.com
kumar@janikbohmer.com

**ATTORNEYS FOR PLAINTIFF RBH ENERGY, LLC**